UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EDWARD D. ASBERRY,<br><br>        Plaintiff,<br>v.<br><br>CONNECTICUT DEP'T OF CORRECTIONS, COMMISSIONER ROLLIN COOK, WARDEN NICK RODRIGUEZ, NURSE ELLEN DOE, CAPTAIN ROBLES, CORRECTION OFFICER CARON, and LIEUTENANT BLACKSTOCK,<br><br>        Defendants. | CASE NO. 3:19-cv-755 (CSH)<br><br><br>JUNE 3, 2019 |

## INITIAL REVIEW ORDER

**Haight, Senior District Judge:**

Plaintiff Edward D. Asberry, a convicted prisoner currently incarcerated at the MacDougall-Walker Correctional Institution in Suffield, Connecticut, has filed a civil rights complaint *pro se* pursuant to 42 U.S.C. § 1983 against the Connecticut Department of Correction ("DOC")[1] and six of its employees: Commissioner Rollin Cook, Warden Nick Rodriguez, Nurse Ellen Doe (last name unknown), Captain Robles, Correction Officer Caron, and Lieutenant

---

[1] The clerk listed the DOC as a defendant to this action. However, it is not clear from the complaint whether Asberry intended to sue the DOC. Nevertheless, the DOC is not a person subject to liability under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989); *Santos v. Connecticut Dep't of Corr.*, No. 3:04-CV-01562 (JCH) (HBF), 2005 WL 2123543, at *3 (D. Conn. Aug. 29, 2005). Thus, the Court will direct the clerk to terminate this defendant.

1

Blackstock. Doc. 1 (Compl.) at 2-3.[2] Based on the Court's review of the Complaint, Asberry appears to allege that he was denied a safe living environment and adequate medical care in violation of the Eighth Amendment. *Id.* at 5-6. He seeks damages for "mental, emotional, and physical injury." *Id.* at 6. For the following reasons, the complaint is dismissed in part.

## I. STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, the Court must review prisoner civil complaints against governmental actors and dismiss any portion of the complaint that is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2). "[T]he district judge's § 1915A review of whether a complaint 'fails to state a claim upon which relief can be granted' is guided by the Federal Rules of Civil Procedure, as interpreted by [United States] Supreme Court and Second Circuit decisions whose principles have become familiar." *Green v. Martin*, 224 F. Supp. 3d 154, 160 (D. Conn. 2016). Although detailed allegations are not required, a complaint must "must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This plausibility standard is not simply a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Id.*

---

[2] Although he included them in his list of parties, Asberry did not list Rodriguez, Ellen Doe, Robles, Caron, or Blackstock in the caption of his complaint. Asberry is hereby notified that any amended pleadings must list all parties in the caption on the first page, in accordance with Federal Rule of Civil Procedure 10.

In undertaking this analysis, the Court must "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). However, the Court is "not bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions," *id.*, and "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678. Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

*Pro se* submissions "are reviewed with special solicitude, and 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Matheson v. Deutsche Bank Nat'l Tr. Co.*, 706 F. App'x 24, 26 (2d Cir. 2017) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam)). *See also* Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (internal citations omitted)). This liberal approach, however, does not exempt *pro se* litigants from the minimum pleading requirements described above: A *pro se* plaintiff's complaint still must "'state a claim to relief that is plausible on its face.'" *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010) (quoting *Iqbal,* 556 U.S. at 678). Therefore, even in a *pro se* case, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (citation and internal quotation marks omitted), and the Court may not "invent factual allegations" that the plaintiff has not pleaded. *Id.*

3

## II. FACTUAL ALLEGATIONS

The events giving rise to this complaint occurred while Asberry was confined in cell 1 West 118 ("Cell 118") at the Northern Correctional Institution ("Northern") in Somers, Connecticut. Doc. 1 at 5-6. At some point during his confinement at Northern, Asberry informed Lieutenant Blackstock that an inmate confined in the cell above him had poured water in his vent, which leaked into Asberry's cell. *Id.* at 6. Asberry told Blackstock that the inmate would likely do it again, and therefore requested to be moved to another cell. *Id.* Asberry was temporarily moved out of Cell 118, but Blackstock subsequently ordered him to return. *Id.*

On August 24, 2018, at approximately 1:30 a.m., after Asberry had been returned to Cell 118, he slipped and fell as he was attempting to use the bathroom. *Id.* at 5. When he switched on the light, he noticed that the ground floor was covered in water and what smelled like coffee. *Id.* Asberry alerted Correction Officer Caron, told him that he was in pain from having fallen in his cell, and requested permission to see medical staff. *Id.* Caron saw the liquid on the cell floor and walked away. *Id.* He returned a short time later and told Asberry to pack his belongings because he was being moved to another cell. *Id.* He also told Asberry that medical staff would see him shortly. *Id.*

After about an hour, Asberry asked Caron when he would be evaluated by medical staff. *Id.* at 6. Caron told him, "Go to bed. It's not an emergency." *Id.* Asberry responded that his shoulder and hips hurt badly, but Caron walked away. *Id.* Asberry remained awake and in pain for the remaining hours of the night. *Id.*

At 7:30 or 8:00 a.m., Nurse Ellen arrived at Asberry's unit to administer morning medications to the inmates. *Id.* at 6. Asberry tried to explain to her what had happened the previous night, but she told him to write a "sick call" request and continued walking through the unit. *Id.*

Asberry asked her for medication to treat his pain, and Ellen told him to purchase it through commissary. *Id.*

### III. ANALYSIS

Based on these allegations, Asberry appears to be suing the Defendants for acting with deliberate indifference to his health and safety in violation of the Eighth Amendment. Specifically, he alleges that (1) Lieutenant Blackstock kept him confined in Cell 118, despite knowing that the inmate in the cell above him would endanger Asberry by pouring water down his vent, and (2) Officer Caron and Nurse Ellen refused to provide medical treatment following his injury. The Complaint contains no specific allegations concerning the remaining Defendants.

#### A. Personal Involvement

Because Asberry is suing only for damages, he must allege facts showing that each Defendant was personally involved in the Eighth Amendment deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("'It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" (quoting *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995))). The Second Circuit has defined "personal involvement" to mean direct participation, such as "personal participation by one who has knowledge of the facts that rendered the conduct illegal," or indirect participation, such as "ordering or helping others to do the unlawful acts." *Provost v. City of Newburgh*, 262 F.3d 146, 155 (2d Cir. 2001) (citation omitted).

Asberry has not alleged any facts showing how Defendants Cook, Rodriguez, and Robles, were involved in the incident at issue. Accordingly, all claims against them will be dismissed.

5

B. Eighth Amendment Claims

With respect to the remaining Defendants, Asberry's claims fall under the Eighth Amendment. "[A] prison official violates the Eighth Amendment only when two requirements–one objective and one subjective–are met." *Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). Objectively, the inmate must allege that "he [was] incarcerated under conditions [that] pos[ed] a substantial risk of serious harm." *Farmer*, 511 U.S. at 832. A "substantial risk" of harm exists if the inmate suffers from an urgent and degenerative medical condition capable of causing death or extreme chronic pain, is otherwise being denied minimal life necessities, or is subject to a known risk of injury at the hands of others. *See Brock v. Wright*, 315 F.3d 158, 163 (2d Cir. 2003) (citation omitted); *Anderson v. Quiros,* No. 3:18-CV-01107 (MPS), 2018 WL 3677901, at *3 (D. Conn. Aug. 2, 2018) (to state Eighth Amendment claim, prisoner must allege facts showing that he was incarcerated under conditions posing substantial risk of serious harm).

Subjectively, the defendant must have had actual awareness of a substantial risk that the inmate would suffer serious harm as a result of his or her conduct. *See Salahuddin*, 467 F.3d at 279-80. The prisoner must show that the defendant knew of and disregarded "'an excessive risk to inmate health or safety; the official must [have] both be[en] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and . . . must also [have] draw[n] the inference.'" *Johnson v. Wright*, 412 F.3d 398, 403 (2d Cir. 2005) (quoting *Farmer*, 511 U.S. at 837); *see also Phelps v. Kapnolas*, 308 F.3d 180, 186 (2d Cir. 2002) (*per curiam*) (equating "deliberate indifference" with criminal "recklessness"). Merely negligent conduct does not constitute deliberate indifference, *Salahuddin*, 467 F.3d at 280, nor does a

6

disagreement over proper treatment or diagnosis create a constitutional claim. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976).

Construing his allegations liberally, Asberry has stated a plausible Eighth Amendment claim against Defendants Blackstock, Caron, and Ellen. Asberry alleges facts showing that he forewarned Blackstock about the actions of the inmate in the cell above Cell 118, which created a dangerous condition for him, but Blackstock nonetheless ordered him to return to Cell 118. *See Awad v. Moskites,* No. 3:18-CV-01167 (JAM), 2019 WL 109336, at *4 (D. Conn. Jan. 4, 2019) (prisoner stated plausible Eighth Amendment claim based on allegation that official failed to act after becoming aware of direct threat to prisoner's safety). As for Caron and Ellen Doe, Asberry alleges facts showing that they ignored his requests for treatment following his injury. From documents attached to Plaintiff's Complaint, it also appears that Plaintiff was in pain for at least five months after his fall. *See* Compl. at 31. Therefore, the Court will permit the Eighth Amendment claim to proceed only against Blackstock, Caron, and Ellen Doe in their individual capacities for damages.[3]

## IV. CONCLUSION AND ORDERS

Based on the foregoing, the Court enters the following orders:

---

[3] Asberry has attached several documents to his complaint showing his efforts to exhaust administrative remedies prior to commencing this action. Doc. 1, pp. 8-42. It is not clear from these documents whether Asberry has, indeed, exhausted his remedies. Although the Court is permitting the case to proceed in part at this time, the defendants are not precluded from raising failure to exhaust administrative remedies as an affirmative defense either in a motion to dismiss or motion for summary judgment.

(1)     The case may proceed on the Eighth Amendment claim against Lieutenant Blackstock, Correction Officer Caron, and Nurse Ellen Doe in their individual capacities for damages.  The claims against the DOC, Commissioner Cook, Warden Rodriguez, and Captain Robles are dismissed.

(2)     The clerk shall verify the current work addresses for defendants Blackstock, Caron, and Ellen Doe with the DOC Office of Legal Affairs, mail a waiver of service of process request packet containing the complaint to them at the confirmed addresses within **twenty-one (21) days** of this Order, and report to the Court on the status of the waiver requests on the **thirty-fifth (35) day** after mailing.  If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on him/her, and he/she shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3)     The clerk shall send a courtesy copy of the Complaint and this Order to the DOC Office of Legal Affairs.

(4)     Defendants Blackstock, Caron, and Ellen Doe shall file their response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the notice of lawsuit and waiver of service of summons forms are mailed to them.  If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They may also include any and all additional defenses permitted by the Federal Rules.

(5)     Discovery, pursuant to Fed. R. Civ. P. 26-37, shall be completed within **six months (180 days)** from the date of this Order.  Discovery requests need not be filed with the

Court.

    (6)    All motions for summary judgment shall be filed within **seven months (210 days)** from the date of this Order.

    (7)    Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within **twenty-one (21) days** of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

    (8)    If Asberry changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the Court. Failure to do so can result in the dismissal of the case. Asberry must give notice of a new address even if he is incarcerated. He should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address.

It is **SO ORDERED**.

Dated: June 3, 2019
      New Haven, Connecticut

                                    */s/ Charles S. Haight, Jr*
                                    Charles S. Haight, Jr.
                                    Senior United States District Judge